IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Edward Tyler, #318077, ) | |
| ) | C.A. No. 9:19-2421-HMH-BM |
| Petitioner, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Warden Williams, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on Edward Tyler's ("Tyler") motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. After consideration, the court denies Tyler's motion.

Tyler filed a 28 U.S.C. § 2254 petition seeking habeas relief on August 22, 2019,[1] while incarcerated at McCormick Correctional Institution ("McCormick"). (Petition, ECF No. 1.) In an order dated September 25, 2019, the court specifically instructed Tyler as follows:

> You are ordered to always keep the Clerk of Court advised **in writing** . . . if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to meet a deadline set by this Court, **your case may be dismissed for violating this order**. Therefore, if you have a change of address before this case has ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address . . . . Your failure to do so will not be excused by the Court.

(Order 3, ECF No. 7.)[2] On November 19, 2019, the court granted Respondent's first motion for

---

[1] Houston v. Lack, 487 U.S. 266 (1988).

[2] The clerk of court mailed a copy of the order to Tyler at McCormick. (Mailing Note, ECF No. 9.)

1

an extension of time to file a return and the clerk mailed a copy of the order to Tyler at McCormick. (Text Order and Mailing Note, ECF Nos. 13 and 14.) On December 17, 2019, the court granted Respondent's second motion for an extension of time and the clerk again mailed a copy of the order to Tyler at McCormick. (Text Order and Mailing Note, ECF Nos. 16 and 17.) On January 16, 2020, the court granted Respondent's third motion for an extension of time and the clerk again mailed a copy of the order to Tyler at McCormick. (Text Order and Mailing Note, ECF Nos. 19 and 20.)

On February 12, 2020, Respondent filed a return to Tyler's petition and a motion for summary judgment. (Return and Mem. Supp. Mot. Summ. J., ECF No. 21; Mot. Summ. J., ECF No. 22.) The certificates of service for the return and motion were addressed to Tyler at Turbeville Correctional Institution ("Turbeville").[3] (Return and Mem. Supp. Mot. Summ. J. Ex. 10 (Certificate of Service), ECF No. 21-10; Mot. Summ. J. Ex. 1 (Certificate of Service), ECF No. 22-1.)

On February 24, 2020, the copy of the January 16, 2020 order granting Respondent's third extension of time was "returned as undeliverable" to the clerk's office.[4] (Mail Notice, ECF No. 25.) A mailroom receipt stamp indicated that the order was forwarded from McCormick to Turbeville but was unclaimed at Turbeville. (Id.) On February 25, 2020, the magistrate judge recommended dismissing the case, without prejudice, in accordance with Rule 41(b) of the Federal Rules of Civil Procedure, for failure to comply with the September 25, 2019 order

---

[3] Respondent's counsel, the South Carolina Attorney General's Office, was apparently aware of a possible change in Tyler's address.

[4] To date, the January 16, 2020 order is the only document sent to Tyler that has been returned to the clerk's office.

2

requiring that Tyler notify the clerk in writing of any address change. (R&R 1-2, ECF No. 26.) The magistrate judge directed the clerk of court to mail the Report and Recommendation to Tyler's last known address and:

> **If the Petitioner notifies the Court within the time set forth for filing objections to this Report and Recommendation that he wishes to continue with this case and provides a current address, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.** If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition.

(Id. at 2, ECF No. 26.) The magistrate judge further noted:

> A check of the SCDC website indicates that Petitioner may have been transferred to the Turbeville Correctional Institution. The Order that was returned shows that it was forwarded to Turbeville, as is shown by the mailroom receipt stamp, but was nonetheless (apparently) not claimed. Even so, out of an abundance of caution, the Clerk shall also mail a copy of this Report and Recommendation to that Institution, addressed to the Petitioner.

(Id. at 2 n.1, ECF No. 26.) The clerk mailed copies of the Report and Recommendation to both McCormick and Turbeville. (Mailing Note, ECF No. 27.) To date, Tyler remains in violation of the September 25, 2019 order because he has not notified the clerk of a change in address.[5] Tyler failed to respond to Respondent's motion for summary judgment or to object to the Report and Recommendation. Having received no objections, on March 23, 2020, the court adopted the magistrate judge's Report and Recommendation, and dismissed the case without prejudice. (Opinion and Order, generally, ECF No. 28.) The order was mailed to McCormick, Tyler's last

---

[5] In fact, the instant motion is the only document that the court has received that Tyler mailed from Turbeville. (See Mot. Reconsideration Ex. 1 (Envelope), ECF No. 31-1.) It is also the first document filed by Tyler in this case since August 22, 2019. Despite claiming he received the March 23, 2020 order adopting the Report and Recommendation and dismissing his case in April, Tyler waited until September to file the instant motion. Tyler does not allege to have attempted to contact the clerk to correct his address or to resolve his alleged mail difficulties once he received the March 23, 2020 order.

known address.  (Mailing Note, ECF No. 30.)

Tyler filed the instant motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure.  (Mot. Reconsideration 1, ECF No. 31.)  Rule 60(b) "invest[s] federal courts with the power in certain restricted circumstances to vacate judgments whenever such action is appropriate to accomplish justice."  Compton v. Alton S.S. Co., 608 F.2d 96, 101-02 (4th Cir. 1979) (internal quotation marks and citations omitted).  "To obtain relief from a judgment under Rule 60(b), a moving party must first show (1) that the motion is timely, (2) that he has a meritorious claim or defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside."  United States v. Welsh, 879 F.3d 530, 533 (4th Cir. 2018) (citing Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993)).  "If the moving party makes such a showing, he must then satisfy one or more of the six grounds for relief set forth in Rule 60(b) in order to obtain relief from the judgment."  Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987) (citations omitted).

The six grounds for relief set forth in Rule 60(b) are (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) where the judgment is void; (5) where the judgment has been satisfied, released, or discharged; and (6) for any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  For claims under subsection six, "the party must also show extraordinary circumstances."  United States v. Salas, 807 Fed. App'x 218, 225 (4th Cir. Mar. 23, 2020) (unpublished) (citing Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)).  Although Tyler's motion is timely and does not unfairly prejudice Respondent, he has not made the requisite showing of a meritorious claim.

Further, even if he had made a showing, Tyler has not satisfied any of the grounds for relief set forth in Rule 60(b). The court will address these factors in turn.

### 1. Timeliness

A motion under Rule 60(b) must be made within a reasonable time, and relief under 60(b)(1), (2), and (3) is not available after one year from the entry of the judgment. Fed. R. Civ. P. 60(c)(1). Judgment was entered on March 23, 2020, and the motion for reconsideration was filed on September 15, 2020.[6] The court finds Tyler's motion is timely.

### 2. Meritorious Claim

"Under all the provisions of Rule 60(b), a threshold condition for granting the relief is that the movant demonstrate that granting that relief will not in the end have been a futile gesture, by showing that she has a meritorious defense or claim." Boyd v. Bulala, 905 F.2d 764, 769 (4th Cir. 1990). Tyler has not alleged, or provided evidence of, a meritorious claim.[7]

### 3. Prejudice

"In all cases, a Rule 60(b) movant . . . must demonstrate a lack of prejudice to the non-movant." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988). Tyler's motion does not address the lack of prejudice requirement. (See Mot. Reconsideration, ECF No. 31.) Dismissal was entered in this case under Rule 41(b) for failure prosecute. Thus, neither the merits of Tyler's claim nor the merits of Respondent's motion for summary judgment have ever been adjudicated. Under similar circumstances, the Fourth Circuit

---

[6] Houston v. Lack, 487 U.S. 266 (1988).

[7] Further, Respondent's motion for summary judgment sets forth a strong argument that Tyler's petition was time barred, and that even if it wasn't, Tyler's petition fails on the merits. (See Mem. Supp. Mot. Summ. J. 9-12, 15-19, ECF No. 21.)

has noted that there is "no disadvantage to [the party losing the judgment] beyond that suffered by any party which loses a quick victory." Augusta Fiberglass Coatings, 843 F.2d at 812. The court finds Respondent is not unfairly prejudiced.

### 4. Grounds Under Rule 60(b)

Citing Rules 60(b)(1), (3), and (6), Tyler seeks relief from the dismissal without prejudice because of alleged "misconduct by the Respondent Warden's mail room officials." (Mot. Reconsideration 1, ECF No. 31.) Rule 60(b)(1) allows the court to grant relief from judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(3) allows the court to grant relief for "fraud . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Under Rule 60(b)(6), the court may grant relief for "'any other reason' when there are 'extraordinary circumstances' and 'the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5).'" United States v. Welsh, 879 F.3d 530, 537 n.2 (4th Cir. 2018) (quoting Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011)). Tyler claims he "was caught by surprise by the continuous misconduct of the SCDC prison mail room officers not delivering the Petitioner his legal mail in a timely manner." (Mot. Reconsideration 4, ECF No. 31.) Thus, it appears that Tyler is basing his motion on alleged "misconduct by an opposing party" pursuant to Rule 60(b)(3), as opposed to Rule 60(b)(1). Further, Rule 60(b)(6) does not apply because Tyler's argument falls under Rule 60(b)(3). Even if Rule 60(b)(6) did apply, Tyler's argument would fail because he does not allege extraordinary circumstances.

Under Rule 60(b)(3), the moving party (1) "must have a meritorious defense;" (2) "must prove misconduct by clear and convincing evidence;" and (3) must show "the misconduct

prevented the moving party from fully presenting [his] case." Schultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994). Further, "[u]nder Rule 60(b)(3), when the alleged misconduct is related to issues that are essentially irrelevant to the legal issues upon which the case turned, relief from the judgment is not warranted." Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc., 818 F.3d 1320, 1332 (Fed. Cir. 2016) (internal quotation marks omitted).

      Tyler alleges he did not receive Respondent's motion for summary judgment (ECF Nos. 21 and 22) or the order adopting the Report and Recommendation (ECF No. 28) until April 2020. (Mot. Reconsideration 2, ECF No. 31.) Tyler further alleges he "never received the Report and Recommendation" because the "prison mail room did not give" him the Report. (Id.) Additionally, Tyler alleges the South Carolina Department of Corrections "has a consistent pattern of interfering with . . . the Petitioner's legal mail." (Id. at 3, ECF No. 31.) Tyler has failed to provide evidentiary support for any of these allegations.

      First, as noted above, Tyler has failed to provide evidence of a meritorious claim or defense. Second, Tyler has provided no evidence in support of his allegations of misconduct, much less clear and convincing evidence. Third, there is no evidence that the alleged misconduct prevented Tyler from fully presenting his case. In contrast, it was Tyler's failure to inform the court of any changes in his address that led to the dismissal of this case. The September 25, 2019 order specifically informed Tyler to notify the court of any address change to prevent him from missing a deadline. Tyler failed to comply and notify the court of his address change. Tyler's alleged difficulties with receiving mail in a timely fashion are irrelevant to whether he mailed a change of address to the court. To date, Tyler still has failed to provide notice of change of his address. Further, Tyler does not claim he attempted to notify the clerk

nor does he provide an explanation for why he failed to notify the clerk.

Tyler further alleges the prison mailbox rule set forth in Houston v. Lack, 487 U.S. 266 (1988), provides protection in this case. However, the mailbox rule is inapplicable here. "The foundational rationale for the prison mailbox rule is that a prisoner should not be held accountable for the handling of his mail where he has no control." United States v. McNeill, No. 12-6129, 2013 WL 1811904, at *4 (4th Cir. May 1, 2013) (unpublished) (citing Houston, 487 U.S. at 271). A pro se prisoner's control over the filing of a legal document ceases as soon as he delivers it to prison authorities. Houston, 487 U.S. at 271. Tyler had full control over depositing his change of address in the prison mail. He does not allege that he ever placed a change of address in the prison mail. Thus, the protections afforded to pro se prisoners by Houston do not apply to this case. Further, as mentioned above, any alleged mail receipt issues with the Report and Recommendation or Respondent's motion for summary judgment are a direct result of Tyler's failure to comply with the September 25, 2020 order. The court finds Tyler has not established misconduct under Rule 60(b)(3).

The court finds Tyler has failed to present a meritorious claim and has failed to prove misconduct by the opposing party under Rule 60(b)(3). Further, Tyler has already filed a new § 2254 petition.[8] (See 9:20-cv-03081-HMH-MHC). Based on the foregoing, Tyler's motion is denied.

---

[8] Because this case was dismissed without prejudice, it does not impede Tyler's ability to proceed with his new § 2254 petition.

Therefore, it is

**ORDERED** that Tyler's motion for reconsideration pursuant to Rule 60(b), docket number 31, is denied.

**IT IS SO ORDERED.**

                                     s/Henry M. Herlong, Jr.
                                     Senior United States District Judge

Greenville, South Carolina
October 20, 2020

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.